[File No. 7189]

DOLORES ESTELLE OLSON, now Dolores Estelle Johnson, Respondent, v. CLIFFORD ARTHUR OLSON, Appellant.

(43 NW2d 689)

Opinion filed July 27, 1950.  Rehearing denied Aug. 17, 1950

*Day, Lundberg, Stokes, Vaaler* and *Gillig,* for appellant.

446

*Daniel S. Letnes* and *Philip R. Bangs,* for respondent.

NUESSLE, Ch. J.   The plaintiff, Dolores Estelle Johnson, and the defendant, Clifford Arthur Olson, were formerly husband and wife.   Plaintiff sued for and on May 20, 1947, was granted a divorce from the defendant.   Thereafter she married Helmer Johnson.

Three children were born of her marriage to the defendant. After the divorce was granted and on October 9, 1947, the custody of the two older children was awarded to the defendant. On December 23, 1947, the court made an order giving the temporary custody of these two children to the plaintiff for the holiday season with the requirement that they be returned to the defendant on January 4, 1948.   Plaintiff took the children into the State of Minnesota where she has since resided with them

and has continuously refused to return them to the defendant, as required by the order pursuant to which she received the children.

Pursuant to the decree of divorce, certain payments were required to be made by the defendant to the plaintiff. One of these fell due in December, 1947. Defendant refused to make the payment on the ground that the plaintiff having taken the children in accordance with the order of the court, thereafter in violation of the terms of that order refused to return them to the State of North Dakota and give them over to the defendant.

Upon the failure and refusal of the defendant to make the payment required to be made as aforesaid, plaintiff sought to coerce it by contempt proceedings. The court, after hearing had on motion of the plaintiff, adjudged the defendant to be in contempt by reason of his failure and refusal to make the payment and ordered him committed to jail until he should purge the contempt by making the payment. Whereupon defendant perfected an appeal to this court. See Olson v. Olson, 76 ND 553, 38 NW2d 32. On that appeal we held that the plaintiff, being herself in contempt by reason of her failure and refusal to comply with the order of the court, might not invoke the favor of the court to enforce the payment by a contempt proceeding, and reversed the order of the district court made in that behalf.

Since that time the plaintiff has continued to reside with the children in the State of Minnesota and has at all times failed and refused to return them to the State of North Dakota and to the custody of the defendant, as required by the order heretofore referred to. Notwithstanding this continuous contemptuous default, plaintiff sought an amendment of the order awarding the custody of the children to the defendant. To that end on October 1, 1949, she procured an order directed to the defendant to show cause why the order should not be modified and amended and the exclusive custody and control of the children awarded to her.

On October 14, 1949, the return day, in response to the order to show cause, the defendant and his counsel appeared before the court and made return thereto, setting forth: "That the

plaintiff is now in contempt of the above entitled Court, still continuing to defy the Order of the Court . . . with respect to the custody of the children."

Counsel for the defendant also orally objected to the propriety of the procedure on the ground that the plaintiff, because of her failure and refusal to comply with the terms of the order of December, 1947, was still in contempt on the first day of October, 1949, when she procured the issuance of the order to show cause; that accordingly, consistent with the holding in Olson v. Olson, supra, she was not entitled to and could not properly procure such order.

The court overruled the objection thus interposed stating:

"The last order made by this court . . . provided that Clifford Arthur Olson was given the custody and control of the minor daughters until the further order of this court. . . . Now, I am of the opinion that I have the authority, if the evidence warrants it, to make a further order at this time in regard to the custody of the children."

Plaintiff and her husband were then sworn and testified in support of the application. Their testimony was to the effect that they resided on a farm in the State of Minnesota; they had a comfortable, fairly modern farm home; they had the means to provide and care for and educate the children; and desired to and would do so if the plaintiff were awarded their custody and control. Plaintiff further testified that she repented of her refusal to abide by the previous order of the court and that she would observe any order then or afterward made in the matter. She also testified that the children were there with her and were then in a room adjacent to the courtroom. At the direction of the court the children were brought before the court. They identified themselves and were then returned to the room whence they had come. Prior to that time the defendant had no knowledge that the children were in the state. He had had no opportunity, and none was afforded him, to visit with and speak to the children.

Counsel for the defendant did not cross-examine, and standing upon his objection theretofore made, stated that the defend-

ant would take no further part in the proceedings. He and the defendant then withdrew.

There was no evidence offered concerning the ability of the defendant to care for the children or why the orders of October 9, and December 23, 1947, should be vacated or amended. No showing was made that there had been any change in his circumstances from those that existed when the order was made awarding the custody of the girls to him in 1947. The only reason offered by the plaintiff why there should be a change was that she thought it would be best for the children to have the order thus amended. On the other hand, the testimony of the plaintiff herself evidenced such dereliction on her part as warranted very grave consideration on the part of the court as to whether in any event there should be such a change as she asked for.

Without further showing the court held that the best interests of the children required that they should be with their mother and entered the following order: "And the Court having heard the testimony and having given due and careful consideration to all the files and records in said action and the testimony adduced at such hearing and being satisfied that it will be for the best interests of said minor children (naming them) that they be left to and in the exclusive custody and control of the Plaintiff;

Now, Therefore, pursuant to such findings . . . IT IS ORDERED, That the judgment rendered in the above entitled action on May 20, 1947, relating to the custody and control of (naming the children) and the order of this Court made October 9th, 1947, relating to the custody and control of said minor children, and any other orders of this Court relating to the custody of said minor children shall be, and the same is, hereby amended as follows, to-wit:

'The exclusive custody and control of the minor children (naming them) is hereby awarded to the Plaintiff . . . until the further order of the Court.'"

The instant appeal was taken from this order.

We must assume that the trial court acted on the theory that

though the plaintiff had failed and refused to comply with the order of the court relating to the custody of the children theretofore entered and was therefore presently in contempt, it was within the province and power of the court to consider and pass upon the matter of the welfare of the children upon his own motion and not as a matter of favor and grace on the plaintiff's application.

There can be no question but that where a divorce is granted, as in the instant case, the court has a continuing jurisdiction to enter such order having to do with the welfare of minor children, including their custody, care, and education as circumstances existing at any time may warrant. Section 14–0522 RC 1943. See also Anno: 70 ALR 527, et seq. While the welfare of the children is the chief concern of the court, such order must be reasonable and consistent with the rights of the parents. In the instant case the defendant, the father of the children, was required to appear and show cause why the application of the plaintiff praying that the exclusive custody and control of the children be awarded to her should not be granted. The defendant challenged the propriety of the issuance of the order on the ground that when the application therefor was made, plaintiff's contempt had not been purged and, consistent with the holding in the case of Olson v. Olson, supra, she was not entitled to the favorable consideration of the court. We think this challenge was well taken, and having been denied, defendant was acting within his rights in refusing to proceed further in the matter of the plaintiff's application.

Conceding that the court's order was made on the court's own motion in the interest of the welfare of the children, nevertheless the defendant's rights and interest in the children should also have received recognition and consideration. The only showing made to the court was that the plaintiff is presently so situated that she and her present husband are in a position to give the children such care and support as is reasonably required for their welfare and desire to have their custody and control entrusted to her. No evidence was introduced indicating in any way that there had been any change in the circum-

stances of the defendant from those that existed in October, 1947, when after full hearing, the court entered an order awarding their custody and control to the defendant. Without any inquiry or evidence as to any matter or circumstance respecting the defendant that might affect the welfare of the children so as to require that this prior order should be amended, the court entered the order from which the defendant now appeals, giving to the plaintiff their exclusive control and custody. No regard was had for the defendant's parental rights. No provision was made giving him the right of visitation or that he might have the custody of the children for any portion of the time. The plaintiff was a resident of the State of Minnesota. The order must have contemplated that she would continue to reside there with the children beyond the reach of the arm of the court. Thus the defendant was rendered powerless to invoke the aid of the court should it be needed to insure the welfare of the children or to protect and assure defendant's rights as a father.

The order appealed from is reversed.

GRIMSON, CHRISTIANSON, MORRIS and BURKE, JJ., concur.