Emmett Phillips BRYANT, Plaintiff and
Appellant,

v.

Annie Lucille BRYANT, Defendant and
Respondent.

No. 7879.

Supreme Court of North Dakota.

May 4, 1960.

Rausch & Chapman, Bismarck, for plaintiff and appellant.

Duffy & Haugland, Devils Lake, for defendant and respondent.

STRUTZ, Judge.

In the above-entitled proceeding we have under consideration two appeals. The first appeal is from an order of the district court denying a motion of the plaintiff and appellant for a modification of the divorce decree entered in this action relative to (a) custody of the children, (b) amount of support and alimony to be paid by the appellant, and (c) change of beneficiary under certain insurance policies. The second appeal is from an order of the district court dated February 16, 1960, ordering the appellant to pay to the respondent the sum of $550 for attorney fees and expenses on the motion for modification and for preparation of brief and argument in the Supreme Court of this appeal. The order requiring the appellant to pay such attorney fees and expenses was signed by the trial court after the appeal to this court from the order denying modification of judgment had been perfected.

By stipulation of the parties, it was agreed that these two appeals be heard and considered together.

Briefly stated, the facts are as follows:

The appellant was the plaintiff in a divorce action commenced by service of summons and complaint on January 27, 1957. A property-settlement agreement was signed by both of the parties in which it was agreed, among other things, that the custody of the oldest child, a daughter, should remain with the plaintiff and that the care and custody of the three younger children, two daughters and one son, should be granted the mother, who was defendant in the divorce suit, with rights of visitation. The agreement also provided that the beneficiary of certain life insurance policies in which the defendant

was sole beneficiary should be changed so as to make the defendant and the four children equal beneficiaries thereunder.

The agreement further provided that the plaintiff-husband pay to the defendant-wife, as alimony, the sum of $200 per month plus $100 per month for each of the three children whose custody was to be in the defendant, such alimony to be paid until death or remarriage of the defendant and such support money for the children to be paid until each child reaches the age of eighteen years or until death of such child, whichever event occurs first. This settlement agreement was drawn by the plaintiff's own attorneys.

The trial court granted a divorce to the plaintiff and made the agreement of the parties a part of the decree. Thereafter, the plaintiff paid the amount which he had agreed to pay, and as required under the decree, for a period of three months. Then, without taking any steps to secure a modification of the decree by having such amount reduced and the decree modified, the plaintiff took it upon himself to reduce the amount payable from a total of $500 per month to $400 per month. At the time of the argument of these appeals in this court, the plaintiff's default of payments under the decree totaled in excess of $4,000.

Under the provisions of the decree for right of visitation granted to the plaintiff and appellant, he obtained the custody of the children whose custody had been awarded to the defendant in the divorce action, for the summer of 1959. When the time came for the children to be returned to the defendant, the plaintiff commenced proceedings to have the judgment modified in the following respects:

1. That the judgment be modified as to custody of the two daughters awarded by the decree to the defendant, and that such custody be awarded to the plaintiff.

2. That, in the event the judgment was not modified as to custody, the amounts to be paid by the plaintiff to the defendant for alimony and for support and maintenance of the children be reduced from $200 alimony to $150 and from $100 support and maintenance for each child to $50.

3. That the beneficiaries under the insurance policies which, by the decree, made the defendant and the four children equal beneficiaries, be changed so that the children be named as the sole beneficiaries under such insurance policies.

Three main issues are raised by the appellant on this appeal:

1. The right of the appellant to have the decree of divorce modified as to the custody of the two daughters who, by the agreement between the parties and by the decree, had been awarded to the respondent.

2. Modification of the decree with reference to the amounts to be paid as alimony and support money for the minor children and in changing beneficiaries of the insurance policies.

3. The validity of the order of the trial court directing the plaintiff and appellant to pay to the defendant and respondent the sum of $550 for attorney fees and expenses in preparing the brief and arguing the appeal in this court, which appeal was taken by the appellant from the order denying a modification of the decree.

■ When a divorce is granted, the trial court has continuing jurisdiction with reference to the custody, care, and education of the minor children. Section 14–0522, N.D.R.C.1943; Eisenbarth v. Eisenbarth, N.D., 91 N.W.2d 186; Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689.

■ In such divorce proceedings the trial court should always award the custody of the children in accordance with the best interests of the children, and such award of custody is always subject to modification as the best interests of the children may require. In other words, the rights and welfare of the children are of

first consideration, and those rights are paramount to the rights of the parents to custody, the interests of the parents being important only to the extent that their interests bear on the question of what is best for the children. Sjol v. Sjol, 76 N.D. 336, 35 N.W.2d 797; Miller v. Miller, 76 N.D. 558, 38 N.W.2d 35; Hedman v. Hedman, N.D., 62 N.W.2d 223.

The trial court in this action, on the written stipulation drawn by the appellant's attorneys and signed by both parties as to custody, found, as one of the findings of fact in the case, that the respondent "is a fit and proper person to have custody" of the children whose custody appellant now seeks to acquire. After specifically stipulating as to such custody and having the court decree that the custody be as stipulated, the appellant now argues that he was forced to stipulate such custody because if there had been a contested divorce he would have lost his position of employment. The appellant's argument amounts to a claim that the respondent was unfit to have the custody of the children at the time of the divorce decree but, in order to get his divorce, the appellant was willing to enter such stipulation and deliberately mislead the trial court. Not only did he mislead the trial court, if his present contentions are true, but he also misled his own attorneys who drafted the stipulation as to custody. If the appellant stipulated to grant the custody of the three small children to the respondent, knowing that the mother was not fit as he now claims, there is a serious question as to whether the appellant himself is fit to have the custody of the children. Having obtained his divorce, and the time for appeal from such divorce decree having expired and the appellant having remarried, he now says that he should not have agreed to placing the custody of the three children in the respondent.

Let us look at the evidence which the appellant produced to show that the custody of the children should be changed, and that it would be in the best interests of the children that such custody be taken from the mother and respondent and be awarded to the appellant. The only evidence which the appellant produced in support of such motion is the testimony of the two girls whose custody he now seeks to obtain. One of the girls was just eleven years old shortly before the hearing on custody, and the other was thirteen years old. The girls had just spent more than two months with their oldest sister, whose custody had been given to the appellant by the stipulation of the parties and by the decree.

Children of the parties always are innocent sufferers in divorce proceedings. That is especially true where children of the parties are separated by the decree, as they were in this instance. It is perfectly natural and understandable that an eleven-year-old girl and a nine-year-old girl, the ages of the two children at the time of the entry of the decree, whose custody the appellant now seeks to obtain and who were called as witnesses in this action to support his motion for modification of judgment, should want to be near their fourteen-year-old sister whose custody, by the decree, was given to the appellant. If the mother was a fit person to have the custody of the children in question at the time of the decree, as was found by the trial court based in part on the appellant's stipulation, there is absolutely no proof in this record to show that she now is unfit. It is true that the two girls did testify that the mother had certain peculiarities, but we have read the record and there is nothing in that record to establish that she is now unfit to have the custody of these children. Modification of a decree granting custody of children will not be granted without a showing that there has been a change of circumstances and that the welfare of the children warrants such modification.

The Supreme Court must presume that the trial court, when it entered the decree of divorce awarding permanent

custody, considered the interest and welfare of the children in making such provision for custody. Averch v. Averch, 104 Colo. 365, 90 P.2d 962. A husband seeking modification of a divorce decree, awarding custody of minor children to the wife, must show a change of circumstances or new facts which were unknown to the husband at the time the decree of divorce was entered. Averch v. Averch, supra.

After a court has decreed the custody of minor children, such custody can be changed only on an adequate cause arising from changed conditions or circumstances. Fewel v. Fewel, Cal.App., 133 P.2d 440.

Such change in custody will be made only where the welfare of the children and their best interests demand it.

It is true that in this case the two girls testified that they preferred to be in the custody of the father, who has the custody of their older sister. But it must be remembered that this testimony was elicited after the two girls had spent more than two months with the father and the older sister, and when they were about to be returned to the mother.

On behalf of the mother and in opposition to the motion for modification, the following showing was made:

The affidavit of Reverend George G. Meyer, a Methodist minister in Russellville, Arkansas, pastor of the church which is attended by the mother and the children in her custody. He stated that the mother and the children regularly attended church and Sunday school; that they led a well-adjusted life; and that they were a normal, wholesome, and happy family. He further stated that the children were clean and attractively dressed.

The affidavit of Mrs. Leotta Davis, who occupies a duplex in the same building occupied by the mother and the children. She stated that the children were bright, alert, well mannered, and responsive to the mother, and that they showed respect and affection for her. The affiant further stated that the mother was an excellent housekeeper and that she kept the children attractively, though inexpensively, dressed.

Another affidavit submitted was that of a banker at Russellville, who stated that he was well acquainted with the respondent and lived as a neighbor, and that he had ample opportunity to observe the respondent and her children. He stated that the respondent was very conscientious in her care and training of the children; that they attended both church and Sunday school; that the children had regular hours for their meals and for their studies; and that they were courteous, affectionate, well adjusted, and well cared for.

Another affidavit was submitted in which the principal of the Russellville Junior High School was the affiant. She stated that she had the older of the two girls in her school; that the child was an excellent student and musician, very responsive to influence, and that she was a bright, happy, and well-adjusted child.

Another affidavit in opposition to the motion to modify was that of the superintendent of the Russellville schools, who stated that he was well acquainted with the respondent; that he was acquainted with the children and that they were well adjusted, bright, and intelligent. He further stated that the respondent was an excellent mother, and that the children's home life was well adjusted and wholesome; that the older of the girls was doing outstanding work in band; that the scholastic record of both of the children shows that they are excellent students and far above the average.

The final affidavit submitted in opposition to the motion to modify was the affidavit of a teacher of the younger of the girls. She stated that the girl was a child of exceptional ability, extremely bright and studious, well adjusted, happy and normal, and that she was very responsive to influence. She further stated that the respondent was

well qualified to have the custody of the children.

We have set forth the contents of the affidavits in opposition to the motion for modification in more or less detail for the reason that they substantiate the findings of the trial court made at the time the divorce was granted, to the effect that the respondent is a fit person to have the custody of the children. Certainly what must be done in the best interests of the children should not be determined solely by the children themselves. It is true that the witnesses whose affidavits have been submitted in opposition to the motion for modification were not subject to cross-examination by the appellant, but it is a showing permitted under the rules.

The only showing in support of such motion was the testimony of the two children, who had just spent more than two months with their older sister. These children, according to their teachers and neighbors, are very responsive to influence and no doubt were influenced by the older sister and by their father. Certainly, conditions are not as unfavorable as claimed by the appellant, for no children under tensions, as claimed by the appellant, would make the excellent records which these children have made in school.

■ Modification of the custody provision of a divorce decree rests largely in the sound discretion of the trial court, and will not be interfered with on appeal except in case of clear abuse of discretion. Sjol v. Sjol, 76 N.D. 336, 35 N.W.2d 797.

We believe the record justifies the trial court's conclusion that no change in the custody of the children should be ordered at this time. The order of the trial court denying change of custody will, of course, be made without prejudice to further application for change of custody, if proper proof of change of conditions requiring such change is submitted by the appellant. The trial court retains continuing jurisdiction with reference to the custody, care, and education of these children.

The next issue raised by the appellant is the question of modifying the decree with reference to the amounts to be paid as alimony to the respondent and as support money for the minor children, and in changing the beneficiaries in certain insurance policies from those provided for in the decree of divorce, as stipulated by the parties.

The appellant comes into court asking for a modification in the amounts to be paid under the decree, admitting that he is substantially in default in the payment of alimony and support for the children as provided for in the decree which he desires to modify. He further admits that such default was incurred without any attempt to secure a modification of the terms of the decree, and without a showing of his inability to comply with the provisions of the decree.

■ As a general rule, courts invested with jurisdiction and power to grant divorces and to award alimony and support money are almost universally deemed to have power to change or modify the amount to be paid, whenever circumstances of the parties have materially changed. Nelson On Divorce, Vol. 2, p. 394, Sec. 17.01.

Our statute specifically provides for modification of the courts' orders in these respects, from time to time. Section 14-0524, N.D.R.C.1943.

This court has held that the provisions of a divorce decree relating to maintenance of minor children is subject to modification by the court from time to time. Barker v. Barker, 75 N.D. 253, 27 N.W.2d 576, 171 A.L.R. 447; Eisenbarth v. Eisenbarth, N.D., 91 N.W.2d 186.

■ In the case before us, the record shows that the appellant's income prior to the time of entry of the divorce decree had never been over $1,250 per month, and that his income at the time of the decree was $1,250. His income at the time of the hearing of the motion for modification was

$1,100 per month. The appellant testified that there was a likelihood of substantial raises every six months. Thus the appellant was making $150 per month less than the amount he made at the time he stipulated to make the payments provided for by the decree. He further testified that he had failed to pay the amounts provided for in the decree and had reduced such payments by $100 per month three months after the entry of the divorce judgment. Thus, at the time of the hearing on the motion for modification, the appellant was making almost ninety per cent of the amount that he made at the time of the decree, when he stipulated to make such payments. A reduction of $150 per month would be a substantial reduction for a man who was earning $200 or $300 per month, but it is not very much for a man earning $1,250 per month. Such slight change in salary would not justify the modification of the decree by reducing the amount to be paid as alimony and support by $200 per month, as requested by the appellant in his motion for modification.

While the trial court has the power to modify the award of money made in the decree if circumstances require modification, no substantial change of circumstances has been shown in this case. This court has recognized the principle that such modification may be made as changed circumstances require. Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817, 820. In the Sinkler case, this court said:

"In so far as the court awards money in the decree, whether payable monthly, annually, or at other stated periods, for the support of the wife, such award is in the nature of alimony, and, it may be conceded, generally may be modified as changed circumstances require, * * *"

Surely the showing that the appellant's income was then $1,100 per month instead of $1,250, where the appellant further stated on examination that he was in line for substantial raises from time to time, would not justify such modification.

While some courts have held that payments based on agreement between the parties are not subject to modification by the court after lapse of a period of time, in the absence of mistake or fraud (Nelson On Divorce, Vol. 2, p. 407, Sec. 17.03), we believe that the better rule would be that the courts have power to revise and modify a decree founded on an agreement, on a proper showing of changed conditions. The courts which hold against modification of a decree based on stipulation of the parties do so on the ground that the arrangement is contractual instead of a judicial determination, and that a decree based on an agreement between the parties is no more subject to modification or change by the court than the terms of any other private agreement would be. While we believe the better rule to be that courts do have power to modify a decree, even though it is founded on an agreement, such power should be exercised only on a proper showing of changed circumstances. The court should be more reluctant to order a revision and modification of a decree where such decree was based on agreement than where such decree is based on the finding of the court as to ability to pay. Botkin v. Botkin, 247 Minn. 25, 77 N.W.2d 172.

In Sinkler v. Sinkler, supra, this court has followed the rule that such decree may be modified as changed conditions require. But, as pointed out herein, no showing has been made of changed conditions or circumstances in this case. The fact that the appellant has assumed an additional financial burden by his own remarriage cannot be used as an argument that the circumstances now justify the modification of the decree. The appellant knew of his obligation under the decree before assuming the additional burden of remarriage. Remarriage would not be such change of circumstance as to justify a modification of the terms of the decree. Schiff v. Schiff, Fla., 54 So.2d 36; Curry v. Curry, 102 Colo. 381, 79 P.2d 653; Royce v. Royce, 124 N.J.Eq. 469, 1 A.2d 878.

While the court has the power to modify the decree as to payments, on proper showing, we do not believe the appellant is in a position to ask for modification in this case. The appellant comes into court admitting that he is in default in the payments of the alimony and support provided for in the decree. This court has held that a party to a divorce decree who has failed to comply with the terms of the decree affecting the custody and control of the minor children of the marriage may not invoke the favor of the court to procure amendment of the order affecting custody with which he himself refuses to comply. Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689.

Therefore, a party to a divorce decree who has failed to comply with the terms of the decree affecting payments of alimony and support for minor children may not invoke the favor of the court to procure modification of the decree affecting such payments with which he himself has failed to comply, in the absence of showing his inability to comply therewith.

The provisions of the decree of the court in a divorce case are final until modified for changed conditions.

We now consider the question of the appeal from the order of the district court dated February 16, 1960, ordering the appellant to pay to the respondent the sum of $550 for attorney fees and expenses for preparing brief and for argument in the Supreme Court of this appeal.

It is conceded that, prior to such order, the appellant had filed and served his notice of appeal from the order denying the appellant's motion for modification of the decree with reference to custody payments and beneficiaries under the insurance policies. It is appellant's contention that, on service of his notice of appeal from the order denying modification, the trial court lost jurisdiction to make any further orders in the matter.

There is a clear division of authority on this question, some courts holding that, after an appeal in a divorce case, suit money may be allowed only by the appellate court. Others hold that, even after an appeal in a divorce action, the trial court retains jurisdiction to order suit money pending appeal.

Our statute provides that, when an action for divorce is pending, the court in its discretion may require either party to pay as alimony any money necessary for the support of the other party, or of the children of the marriage, or to prosecute or defend the action. Section 14-0523, N.D.R.C.1943. Does this statute authorize an award for expenses for defending an appeal from an order made by the trial court after the appeal has been perfected?

The appellant cites the decision of this court in the case of Mosher v. Mosher, 16 N.D. 269, 113 N.W. 99, 12 L.R.A.,N.S., 820, as authority for his contention that the trial court lost its jurisdiction when the appeal from the order denying modification was perfected. There is dicta in the Mosher case that perhaps would justify the appellant's position in this matter. While this court has never passed directly on the question of whether the district court loses jurisdiction to order the payment of expenses to prosecute or defend the appeal in a divorce case on the perfecting of an appeal, this question was before this court in not only the Mosher case, supra, but also in the case of Olson v. Olson, 76 N.D. 553, 38 N.W.2d 32. This court failed to pass directly on the question in the Olson case, although that question was before it. In the Olson case, after the appeal was perfected, the respondent applied to the district court for an order requiring the appellant to pay her attorney fees and suit money on appeal. This court did not pass on the question of jurisdiction of the district court to issue such order after the perfection of the appeal, but decided the question on the ground that the respondent had failed to comply with the provisions of the decree and she could not, therefore, ask the trial court, whose decree she had refused to obey, for any favors. In other words, this court did

consider the matter on its merits and failed to pass on the jurisdiction of the trial court.

It can thus be argued that this court, by passing on the merits, by inference recognized the jurisdiction of the trial court to make such order. There is considerable authority to the effect that the trial court may exercise jurisdiction and allow counsel fees incident to an appeal in a divorce case, even after appeal. In Rohrback v. Rohrback, 75 Md. 317, 23 A. 610, 611, the power of a trial court, after an appeal had been taken, to allow the wife's attorney fees incident to such appeal was expressly recognized. In that case, the court said:

"The wife could not, in fact, make application for counsel fees and expenses incident to the appeal until after the appeal had been taken, because she could not have known * * * that the husband intended to appeal * * *."

The California statute is similar to our Section 14–0523 of the North Dakota Revised Code of 1943, and provides that, when an action for divorce is pending, the court may, in its discretion, require the husband to pay "as alimony any money necessary to enable the wife to support herself or children, or to prosecute or defend the action." West's Ann.Cal.Civ.Code, § 137. Under this statute, it has been held by the California court that the trial court has the power, after an appeal has been taken, and at any time during the pendency of such an appeal, to order the husband to pay to the wife a reasonable sum as counsel fees for defending or prosecuting the appeal. Bohnert v. Bohnert, 91 Cal. 428, 27 P. 732; Borenstein v. Borenstein, 11 Cal.2d 301, 79 P.2d 388.

In Minnesota we find a statute very similar to the North Dakota statute. The Minnesota statute provides:

"In every action brought either for a divorce or separation, the court, in its discretion, may require the husband to pay any sum necessary to enable the wife to carry on or defend the action, or for her support during its pendency; and it may adjudge costs against either party, and award execution therefor, or it may direct such costs to be paid out of any property sequestered or in the power of the court." M.S.A. § 518.-14.

Under the above statute, the Minnesota Supreme Court has held that the appellate court and the lower court from which an appeal is taken in a divorce action have concurrent jurisdiction to award temporary alimony pending appeal. Bickle v. Bickle, 196 Minn. 392, 265 N.W. 276.

We believe that, under our statute, Section 14–0523 of the North Dakota Revised Code of 1943, this court and the trial court from which the appeal is taken in a divorce action have concurrent original jurisdiction to award moneys necessary to prosecute or defend the appeal.

The appellant has charged that an award of $550 is excessive for costs and expenses of the respondent on appeal, and suggests that a maximum of $300 be allowed, which is the amount fixed by the minimum-fee schedule recommended by the North Dakota Bar Association for preparing brief on appeal and argument in the Supreme Court. The fee schedule is, of course, only a recommended minimum-fee schedule and, while it has no legal standing, it does establish a standard which will be an aid in making fees allowed by the courts somewhat uniform in amount.

The trial court in this case has fixed the amount awarded at $550. Our statute provides that the amount to be awarded for suit money be left to the discretion of the trial court:

" * * * the court in its discretion may require either party to pay as alimony any money necessary * * * to prosecute or defend the action." Section 14–0523, N.D.R.C.1943.

A reviewing court is very reluctant to disturb the award of a lower court or to interfere in any way with the sound exercise of discretion by such court in determining the proper amount of alimony for support or for expenses to be paid by one of the parties to such divorce suit. Any successful attack upon such order must be based upon an abuse of discretion, which abuse is never assumed but must be affirmatively established. Whitehead v. Whitehead, 45 Cal.App.2d 447, 114 P.2d 403.

We cannot say that $550 for preparation of the brief on appeal and for argument in the Supreme Court is so excessive under the circumstances of this case as to amount to an abuse of discretion.

The orders of the district court are affirmed.

SATHRE, C. J., MORRIS and BURKE, JJ., and GEO. THOM, JR., District Judge, concur.

TEIGEN, J., deeming himself disqualified did not sit in this case.

GEO. THOM, JR., District Judge, sitting in his stead.