Clifford NICHOLSON, Plaintiff and Respondent,

v.

June NICHOLSON, Defendant and Appellant.

No. 8126.

Supreme Court of North Dakota.

March 12, 1964.

Mackenzie & Jungroth, Jamestown, for defendant and appellant.

Kessel & Splitt, LaMoure, for plaintiff and respondent.

TEIGEN, Judge.

This is an action for divorce on the ground of extreme cruelty.

The answer denied the allegations of cruelty and alleges extreme cruelty on the part of the plaintiff as an affirmative defense of recrimination and prays for a dismissal of the complaint.

The action was tried to the court as a contested action. The court granted the plaintiff a decree of divorce. The trial court also awarded the custody of one child of the marriage to the plaintiff and the other child of the marriage to the defendant. The court further provided that the plaintiff shall pay the defendant $40 per month for the child's support. It awarded the plaintiff the rights, interest and equity in a half section of farm land, awarded each of the parties the personal property in their respective possession, and provided that the plaintiff should pay the defendant the sum of $600 as a cash settlement for defendant's interest in the household goods payable in two equal payments.

The defendant has appealed demanding a trial de novo.

The issues raised on the appeal are limited to the division of property, the order for custody of the children, and the provision for child support. No issue is raised or argued as to the correctness of the decree granting divorce. We have read the evidence and after due consideration thereof, and giving due weight to the findings of the trial court, have reached the conclusion that the evidence does not warrant a finding of recrimination and does warrant a finding of extreme cruelty on the part of the defendant to the plaintiff.

The plaintiff and defendant were married on June 14, 1947, at Aberdeen, South Dakota. Two children have been born as the issue of the marriage, both girls. At the time of the commencement of this action they were ten and fourteen years of age. The parties lived in South Dakota until the spring of 1950 when they rented and moved onto a farm in Dickey County owned by the defendant's mother. In 1959 they purchased this farm consisting of one-half section of land from the defendant's mother on contract for the agreed purchase price of $15,000. No downpayment was made but installment payments of $1,000 per year were provided for. These have been made each year from soil bank payments. The balance owing at the time of trial was $11,000. The parties were joint purchasers of this land and it was the homestead of the parties. One hundred and fourteen acres of the land are in soil bank, about 15 acres can be cropped, about 50 acres are in alfalfa, and the balance of 141 acres are

in pasture and hay land. The personal property consisted of household goods, two automobiles, livestock, and a poor line of farm machinery. The value of the personal property in plaintiff's possession is shown by the evidence to be less than $3,500. The defendant has some of the personal property, including some household goods and one automobile, in her possession. The value of this personal property is not included in the above figure and the value of this property is not in evidence. At the time of trial, the plaintiff had no cash resources but had unpaid bills in the amount of $741. The 1962 taxes on the farm land in the amount of $296 were also unpaid.

The defendant left the farm home of the parties on April 1, 1962. She purchased a house trailer on contract in which she lives in the city of Ellendale. The plaintiff was employed as a farm laborer and the defendant was employed in a restaurant or cafe. The plaintiff was 47 years of age and the defendant was 37 years of age at the time of the trial. The plaintiff was suffering with stomach ulcers and apparently the defendant's health was good. When the parties separated in April 1962, the defendant took the younger daughter with her. The older daughter remained on the farm with the plaintiff. Some time subsequent thereto, and before the trial of the action, the younger daughter moved back to the farm and was living with the plaintiff and the older daughter had left the farm and was living with her mother in the trailer house at Ellendale. This was the arrangement at the time of the trial.

The evidence is replete with testimony that the defendant, long before she left the home in April of 1962, would leave the home of the parties regularly and not return until late at night. She was commonly seen in the company of another man. Subsequent to the time she left the home and moved into the trailer house which she had purchased, she was seen at public dances and public restaurants with this other man. She was also often seen riding in an automobile with him. His automobile was regularly seen parked beside the defendant's trailer house at all hours of the evening and night. This man's wife obtained a divorce in October 1962.

The defendant admitted on the witness stand going to public dances and being in the public regularly with this man. As to his automobile being at her trailer house, both the defendant and the other man, who also was called as a witness, testified that he was her boarder and that he paid the defendant approximately $90 per month, or a sum equivalent to the cost of eating in restaurants, to board at her trailer home; that following the meals in the evening, he normally stayed to watch television or would sit around and talk. The trial court found this conduct on the part of the defendant caused the plaintiff grievous mental suffering.

On the facts of the case the trial court found that the defendant was not in a strong position to claim that she was truly a fit mother to have the custody of the children but felt that, under all circumstances, the present arrangement for the time being should be left undisturbed. The trial court also found that for the past several years of their marriage, the defendant had contributed little to the accumulation of the property acquired during the marriage and that the defendant was not entitled to an equal share of the property. The evidence indicates that the defendant's earnings per year are greater than the wages earned by the plaintiff, although neither party earns a great deal.

The defendant contends it was inequitable for the court to award the plaintiff the rights, interest and equity of the real estate, giving the defendant only $600 as a cash settlement and $40 per month for child support, and that it was error for the court to award the custody of the younger daughter to the plaintiff.

In divorce actions the distribution of property between the parties depends on the facts and circumstances of each indi-

vidual case. Dahl v. Dahl, N.D., 97 N.W.2d 844; Agrest v. Agrest, 75 N.D. 318, 27 N.W.2d 697.

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, * * *." Section 14-05-24, N.D.C.C.

■ There is no rigid rule for the division of property but the ultimate object is an equitable distribution. Dahl v. Dahl, supra; Ruff v. Ruff, 78 N.D. 775, 52 N.W.2d 107.

"In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such elements the court should determine the rights of the parties and all other matters pertaining to the case." Ruff v. Ruff, supra.

Section 14-05-25, N.D.C.C., provides in part:

" * * * The court, in rendering the decree of divorce, may assign the homestead or such part thereof as to the court may seem just, to the innocent party, either absolutely or for a limited period, according to the facts in the case and in consonance with the law relating to homesteads. The disposition of the homestead by the court, and all orders and decrees touching the alimony and maintenance of either party to a marriage and for the cus-

tody, education, and support of the children are subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

■ The defendant in her argument contends that the evidence establishes that the half section of land was a gift from the defendant's mother. The evidence does not sustain the argument. The evidence establishes the half section of land was purchased by the parties hereto jointly from the defendant's mother for the sum of $15,000. There is no evidence as to its present value or that its value at the time of the purchase exceeded the purchase price. No downpayment was made but the contract provides for payments of $1,000 per year. The payments had been met from soil bank earnings which equal the required yearly payment. The principal has been reduced $4,000 in this manner. There is still due and owing on the contract the sum of $11,000. There is no evidence indicating whether the land was prepared to qualify for soil bank payments prior or subsequent to the purchase. It is fair to conclude from the evidence in the case that the parties have a $4,000 equity in the farm land. The plaintiff was awarded farm machinery and the household goods located at the farm. The defendant was awarded the household goods which she took with her when she left the home. The evidence establishes that the defendant had no need for other household goods or equipment as the house trailer was fully equipped. The farm machinery and the livestock are necessary to the operation of the portion of the farm not in soil bank. Further, the soil bank program has only one more year under contract. The evidence can only lead to the conclusion that the land was purchased from the defendant's mother and that it was not a gift. The payments made thereon did not come from the separate earnings of either of the parties but earnings of the land itself without expense to either of the parties. Taxes assessed on the

land have been paid by the plaintiff, except the taxes levied for the year 1962. The indebtedness of the parties, plus the 1962 taxes which must be assumed by the plaintiff under the court's order, equals about $1,000. We believe, under the circumstances, the defendant should have been awarded a settlement of $1,500 instead of the $600 awarded by the court as a property division. The court ordered that the plaintiff pay said cash settlement in annual amounts of $300 each. In view of the plaintiff's earnings, we feel this is fair and adequate.

■ As to the award of custody of children, the welfare of the children is of paramount consideration. Schlak v. Schlak, 51 N.D. 897, 201 N.W. 832; Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741.

"In an action for divorce, the court, before or after judgment, may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time." Section 14-05-22, N.D.C.C.; Eisenbarth v. Eisenbarth, N.D., 91 N.W.2d 186; Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689; Bryant v. Bryant, N.D., 102 N.W.2d 800.

■ In divorce proceedings where children are involved, the trial court should always award the custody of the children in accordance with the best interests of the children, and such award of custody is always subject to modification as the best interests of the children may require. In other words, the rights and welfare of the children are of first consideration. Those rights are paramount to the rights of the parents to custody, the interest of the parents being important only to the extent that their interest bear on the question of what is best for the children. Sjol v. Sjol, 76 N. D. 336, 35 N.W.2d 797; Miller v. Miller, 76 N.D. 558, 38 N.W.2d 35; Hedman v. Hedman, N.D., 62 N.W.2d 223; Bryant v. Bryant, supra.

■ The court saw the parties and heard their testimony. He also saw and heard the testimony of several witnesses who were familiar with the respective homes kept by each of the parties and the demeanor of each of the parties. He received testimony as to the preference in the matter on the part of the children and the matter for his determination was one of fact. Rufer v. Rufer, supra. It required the exercise of his judgment as to what would be the best for the children. In ordinary cases where the facts are passed upon and determined by the court, such determination is entitled to appreciable weight on appeal. In cases such as this where the question is as to the welfare of the child and its answer depends upon a multitude of what otherwise might be considered insignificant elements, his determination in the matter should have at least as much weight. Furthermore, his order in such a case is not final and conclusive. The trial judge, in his memorandum, stated he believed that the present arrangement should be kept undisturbed for the time being. Should conditions change and should either party desire to make a further application and showing, the matter remains open for modification and the trial court may, as the occasion arises and the circumstances require, modify the order with respect to either child's custody. We do not feel that on the record before us we can say the trial court's findings and conclusions on this question are an abuse of discretion. A decision on custody of the children will not be interfered with on appeal except in case of clear abuse of discretion. Sjol v. Sjol, supra; Bryant v. Bryant, supra.

The judgment will be modified to provide that the defendant is awarded the sum of $1,500, payable in installments of $300 each, the first installment to be due as of November 1, 1963, as ordered by the trial court, and $300 on or before November 1st of each year thereafter until the said sum of $1,500 is paid in full. This sum, coupled with the distribution of property, both real

and personal as provided in the trial court's order, shall constitute the equitable distribution of the real and personal property of the parties hereto.

As modified, the judgment will be affirmed without costs on this appeal.

MORRIS, C. J., and STRUTZ, ERICKSTAD and BURKE, JJ., concur.