Frances **BLANTON**, Plaintiff and Appellant,

v.

William S. **BLANTON**, Defendant and Respondent.

No. 8309.

Supreme Court of North Dakota.

May 12, 1966.

Pearce, Engebretson, Murray, Anderson & Schmidt, Bismarck, for plaintiff and appellant.

Fleck, Smith, Mather, Strutz, Mayer & Stewart, Bismarck, for defendant and respondent.

KNUDSON, Justice.

The plaintiff appeals from the order modifying a divorce judgment.

The order appealed from modifies the judgment of divorce so as to permit the husband to have the care, custody and control of the two minor children of the parties during the summer vacation months from June 15, 1966, and ending August 1, 1966, and in each year thereafter for the period commencing June 15 and ending August 15, until such children reach the age of their majority, and, further, provides that no support payments shall be made by the defendant to the plaintiff for the month of July, 1966, and in each year thereafter for the months of July and August, or until otherwise amended by order of the court.

The judgment of divorce was granted April 5, 1961. The plaintiff was awarded custody of the parties' two children, Polly, age five years, and Amy, age eighteen months, (now ten and six years, respectively), with "reasonable visitation by the defendant and subject to the right of the defendant to have the children visit the defendant during vacation periods when the children grow older and when application of such visit or visits is approved by the Court." The judgment also provided for the defendant to pay to the plaintiff for the care, maintenance, support and education of the minor children the sum of $125.-00 per month for each child, and the plaintiff to have the use of the dwelling house owned by the defendant, with the defendant to pay the monthly installments of $120.00 on the mortgage, including the taxes and insurance. The defendant has made all of the payments required of him by the judgment of divorce in the aggregate amount of $22,000.00.

Both parties are fit to have the care and custody of the children, and no issue as to fitness of either parent is in question.

The parties were marrried and lived in Bismarck in a home owned by the defendant, and after the divorce the plaintiff continued to live in the home with the two children, but at the time of the divorce the defendant was in Pittsburgh, Pennsylvania, where he had been transferred by his em-

ploying company in 1960; thereafter, in 1965, he was transferred to Los Angeles, California. The defendant remarried in May, 1964.

The defendant draws a salary of $1,200.00 per month and his net take-home pay is $825.00 a month, from which he makes the support payments of $250.00, the payment on the house of $120.00, leaving $455.00 for his other expenses, including $170.00 a month for his present apartment. The apartment contains two bedrooms, two baths, living room, dining area, and kitchen.

The children were in the care and custody of the defendant for a trip to Kansas in 1962, and for a period of two weeks in 1964.

The only issue raised is: Did the court commit error in amending and modifying the original judgment and decree of divorce when it issued its order modifying and amending the judgment and decree of divorce, as provided in the order dated December 3, 1965?

The order, as it is pertinent to this appeal, is as follows:

## I.

That the Judgment of Divorce heretofore made and entered in this case and filed in April of 1961 in the above-entitled action is hereby modified and amended as follows:

"That the Defendant, William S. Blanton, shall have the care, custody and control of the minor children of the parties hereto, to-wit: Polly Blanton and Amy Blanton, commencing on June 15, 1966, and ending on August 1, 1966, and commencing on June 15, 1967, and ending on August 15, 1967, and thereafter of each year commencing June 15 and ending August 15 until such children reach the age of their majority, or until otherwise amended by order of this Court."

## II.

That the support payments decreed in the Judgment and Decree of this Court in April of 1961 are hereby amended to the extent that no support payment be made by the said William S. Blanton to Frances Blanton for the month of July 1966. That thereafter, commencing with the year 1967, no support payments shall be made by the said William S. Blanton to the Plaintiff, Frances Blanton, for the months of July and August unless and except upon order of this Court.

## III.

It is further ordered and adjudged that commencing with the periods as hereinabove provided when the Defendant shall have the care, custody and control of said children, such children may reside with him at his present home in Los Angeles, California, or in such other state in which he may be living during the period of said custody, and that transportation be arranged by the said William S. Blanton, which transportation may be by air or rail; and in the event transportation is by air or rail, if it is necessary that the children transfer at any point from the origin of the trip to their destination, definite arrangements shall be made with acknowledgements on behalf of persons or agencies to meet the children at such transfer point and assure that they are in custody during the transfer. That copies of the acknowledgements relating to their custody at transfer points be given to both the Plaintiff, Frances Blanton, and the Defendant, William S. Blanton.

There can be no question but that where a divorce is granted, the trial court has continuing jurisdiction with reference to the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time. Section 14–05–22, N.D.C.C., Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817; Eisenbarth v. Eisenbarth,

N.D., 91 N.W.2d 186; Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689; Bryant v. Bryant, N.D., 102 N.W.2d 800; Nicholson v. Nicholson, N.D., 126 N.W.2d 904, 909.

Section 14–05–22, N.D.C.C., reads as follows:

> In an action for divorce, the court, before or after judgment, may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time.

The welfare of the children of divorced parents is a determining consideration of the court in giving directions for the custody of the children. Schlak v. Schlak, 51 N.D. 897, 201 N.W. 832; Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741; Nicholson v. Nicholson, N.D., 126 N.W.2d 904.

The plaintiff has no serious objections to the defendant having custody of the children during vacation periods, but does object to the children traveling alone in an airplane or by train to Los Angeles, a distance of 1600 to 1800 miles, with stopover for transfer at Denver if travel is by airplane. She says that they should be accompanied by some adult person to insure their safety en route. She feels they are too young to travel alone. She does not fear that the defendant will not return the children to her at Bismarck after the expiration of the visitation period. She believes that it would be better if the defendant would arrange to come to North Dakota for his vacation, at which time he could have the children at a vacation place.

The defendant asserts that it is difficult to exercise his visitation rights because of the expense and time away from his job to travel from Los Angeles to Bismarck; that he has facilities to care for his children; that his present wife is agreeable and desires to have the children with them during the summer; that she cared for the children personally in 1964 when they vacationed with the defendant and had no difficulty in caring for them; and that the children have indicated a desire to visit the defendant at his Los Angeles home.

The plaintiff testified, and the defendant and his wife were present and testified. The court had an opportunity to see and observe the parties. The matter for his determination was one of fact. Nicholson v. Nicholson, supra. It required the exercise of his judgment as to what would be best for the children. In ordinary cases where the facts are passed upon and determined by the court, such determination is entitled to appreciable weight on appeal. In cases such as this, where the question is as to the welfare of the children, and its answer depends upon a multitude of what otherwise might be considered insignificant elements, certainly his determination in the matter should have at least as much weight. Nicholson v. Nicholson, supra.

While the welfare of the children is the chief concern of the court, such order must be reasonable and consistent with the rights of the parents. Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689. In the instant case both of the parents have expressed love and concern for their children, and each of the parents express a mutual trust in the other that the children will be well taken care of by the other.

The court in its order and amended judgment has provided for safeguards for the safe journey from Bismarck to Los Angeles, or in such other State in which he may be living during the period of such custody, with which the defendant must comply before the beginning of the journey.

The order and amended judgment is not final and conclusive, the matter remains open to modification, and either party may, as occasion arises and circumstances require, make further application and showing, and the court may modify any order made with respect to the children's custody. We do not feel that on the record before us we can say the trial court's findings and conclusions on this question are

an abuse of discretion. The trial court did not commit error in amending and modifying the original judgment. A decision on custody of the children will not be interfered with on appeal except in a case of clear abuse of discretion. Nicholson v. Nicholson, supra.

The order is affirmed.

TEIGEN, C. J., STRUTZ and ERICKSTAD, JJ., and C. F. KELSCH, District Judge, concur.

MURRAY, J. deeming himself disqualified, did not participate. Honorable C. F. KELSCH, Judge of the District Court, Sixth Judicial District, sitting in his stead.