Cindy K. HOSTER, Plaintiff and
Appellee,

v.

Robert R. HOSTER, Jr., Defendant
and Appellant.

Civ. No. 8979.

Supreme Court of North Dakota.

March 28, 1974.

Farhart, Rasmuson, Olson & Lian, Minot, for defendant and appellant.

Bosard, McCutcheon, Kerian, Schmidt & Holum, Minot, for plaintiff and appellee.

PAULSON, Judge.

This appeal involves the consolidation of two appeals by the defendant, Robert R. Hoster, Jr., from separate orders of the Ward County District Court. The first order denied his motion for modification of a divorce decree, and the second order allowed attorney's fees and suit money on appeal to the plaintiff, Cindy K. Hoster. The appeals were consolidated pursuant to a stipulation of the parties and by an order of this court.

On June 6, 1973, a judgment was entered in the Ward County District Court granting Cindy K. Hoster an absolute divorce from Robert R. Hoster, Jr. Pursuant to a property settlement entered into by the parties, which property settlement was incorporated into the judgment, custody of their only child was granted to Mrs. Hoster; and Mr. Hoster was ordered to pay $200 per month child support, $50 per month alimony, and $400 attorney's fees for Mrs. Hoster's attorney. In addition, Mr. Hoster was to be liable for all of the family debts incurred prior to April 27, 1973.

Prior to the divorce, the Hosters were living on the Minot Air Force Base, where Mr. Hoster was employed by the United States Air Force. Mr. Hoster also worked part time for the Holiday Inn in Minot, where he earned an additional $225 to $285 per month.

Pursuant to the divorce decree, Mr. Hoster paid Mrs. Hoster's attorney's fees; he remained current in payments on the fami-

ly debts incurred prior to April 27, 1973; and he paid the alimony and child support for the months of June, July, and August of 1973.

Subsequent to the divorce, Mr. Hoster purchased a car and a house trailer and moved off the Air Force Base (the Hoster family car had been awarded to Mrs. Hoster in the property settlement). The monthly payment on the car was $102.57 and that on the house trailer was $126.73. Mr. Hoster was allotted a housing allowance then of $138 per month by the Air Force because he lived off-Base.

In late July of 1973, pursuant to regulations involving divorced personnel, the Air Force ordered a change in Mr. Hoster's job description, which change resulted in an alteration in his working hours at the Air Base and the consequent loss of his job at the Holiday Inn.

On August 27, 1973, Mr. Hoster moved the Ward County District Court to modify the divorce decree by deleting all provisions for alimony and reducing the child-support payments to $75 per month. At that time his gross monthly income was $635.90, including the housing allowance of $138. His net income was $526.75 monthly.

After a hearing on Mr. Hoster's motion, the district court entered an order on September 20, 1973, denying such motion. The court's order, in pertinent part, reads as follows:

"Court's FINDING: Defendant fails [to] meet [the] burden [of] showing material change where voluntary assumption of untoward expenditures vitiates claim of reduced income."

On October 4, 1973, Mr. Hoster appealed to this court from the district court's order of September 20, 1973. On November 8, 1973, Mrs. Hoster made a motion before the district court for an order allowing payment of attorney fees and suit money on appeal. On November 13, 1973, Mrs. Hoster's motion was granted in the amount of $200. On November 15, 1973, Mr. Hoster appealed from the district court's order of November 13, 1973, granting attorney fees and suit money in the sum of $200.

We will first consider Mr. Hoster's appeal from the order which denied his motion for modification of the divorce decree.

■ It is well established in North Dakota that the district courts, which are vested with the jurisdiction and power to grant divorces and to award alimony and support money, have the power to modify the amount to be paid under a decree whenever there has been a showing that circumstances of the parties have materially changed. Foster v. Nelson, 206 N.W.2d 649, 650 (N.D.1973); Bryant v. Bryant, 102 N.W.2d 800, Syll. ¶ 5 (N.D.1960); § 14–05–24, N.D.C.C.

In *Foster, supra,* 206 N.W.2d at 651, we said:

"A husband who makes application for a modification of a decree providing for support of children has the burden of showing by a preponderance of the evidence that there has been a change of circumstances which requires the court to change the original order. The moving party must prove by a preponderance of the evidence that his circumstances have, in fact, changed for the worse and that his inability to pay is due to circumstances beyond his control and not due to some voluntary act or neglect on his part. Nelson on Divorce, Vol. 2A, Sec. 17.08, p. 53."

■ In the instant case, the district court based its denial of Mr. Hoster's motion to modify the divorce decree on the court's finding that Mr. Hoster had failed to show a material change of circumstances, because his reduction in income was offset by his "voluntary assumption of untoward expenditures".

The scope of our review of the findings of a district court on an appeal to this court from a case tried without a jury is

limited by Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides, in pertinent part:

> *"(a) Effect.* In all actions tried upon the facts without a jury or with án advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . ."

Therefore, the aforementioned finding of the district court will be affirmed unless it is determined that such finding is clearly erroneous.

In In re Estate of Elmer, 210 N.W.2d 815, 820 (N.D.1973), we interpreted the term "clearly erroneous" as follows:

> "A finding is 'clearly erroneous' only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 68 S. Ct. 525, 92 L.Ed. 746 (1948). The mere fact that the appellate court might have viewed the facts differently, if we had been the initial trier of the case, does not entitle us to reverse the lower court. Nee v. Linwood Securities Co., 174 F.2d 434 (8th Cir. 1949); Wright & Miller, Federal Rules of Civil Procedure, Sec. 2585, p. 729 et seq."

More recently, in Bellon v. Bellon, 213 N.W.2d 376 (N.D.1973), in paragraph 6 of the syllabus, we applied the "clearly erroneous" rule to our review of the division of property by the trial court in a divorce action:

> "In divorce actions, the trial court has the responsibility of finding facts and resolving conflicts in evidence, and findings of fact based on conflicting evidence will not be disturbed on appeal unless manifestly and palpably contrary to the evidence as a whole, or induced by an erroneous view of the law."

There is no evidence nor contention in the instant case that Mr. Hoster's reduction in income was voluntary, nor is there any contention that it was not a substantial reduction. Instead, the determining factor in the district court's decision appears to be the fact that Mr. Hoster moved from his Air Force Base quarters and purchased a car and a house trailer. At the conclusion of the hearing, the trial court stated:

> "Mr. Hoster, in fact, is asking the Court to bless all these additional expenses and higher standard of living that he has voluntarily assumed at the expense of the alimony payment and the child support payment that he agreed to provide for his family."

While we acknowledge the fact that Mr. Hoster's voluntary acquisition of a car and a house trailer was not the conduct of an ordinarily prudent man in Mr. Hoster's position, and while we do not condone such conduct, we nevertheless believe that this fact alone does not vitiate his substantial change in circumstances due to the involuntary reduction of his income.

Assuming that Mr. Hoster had remained on the Base and had purchased neither the car nor the house trailer, his net monthly income would have been $388.75 ($526.75, less the $138.00 housing allowance). Before he could attempt to provide the necessities of life for himself, he would be required, by the divorce decree, to pay $250 to his wife and child for alimony and child support; and $147.10 to various lending agencies for household appliances, etc., which were awarded to Mrs. Hoster by

such decree. These expenditures of $397.10 monthly would leave Mr. Hoster with a deficit of $8.35 per month and, consequently, with no money with which to provide the necessities of life for himself.

It is therefore apparent that even if Mr. Hoster had not voluntarily assumed such "untoward expenditures", he still would have been incapable of making the payments required by the divorce decree from his monthly income.

The Supreme Court of Washington stated, in Bowers v. Bowers, 192 Wash. 676, 74 P.2d 229, 230 (1937):

> "While, in these cases, it is the policy of the law to require fathers to adequately provide for their families, it is not the policy of the law to impose upon them obligations which they cannot perform."

■ Rather than impose upon the divorced father an obligation which he cannot perform, the interests of the child involved can best be protected by striking a balance between the needs of that child and the ability of the father to pay. In White v. White, 251 Iowa 440, 101 N.W. 2d 18 (1960), the Iowa Supreme Court applied a balancing theory in its determination that the lower court's modification of an existing divorce decree, which modification increased the amount which the divorced husband was ordered to pay for child support, was improper because it placed an undue burden upon the father. Discussing the application of a balancing test to awards of child support, the Iowa Supreme Court said, in *White, supra,* 101 N.W.2d at 20:

> "We must be mindful not only of the needs of the children but of the divorced father. He should support his children, as best he can. But it will not do to burden him to the extent that all incentive is to be destroyed. The Bible has expressed the thought in these words: 'You shall not muzzle an ox when he treads out the grain.' Deuteronomy, 25:4. Some balance must be found be-

tween the needs of the children and the father's ability to pay. These matters are tried in equity, and equity, in general terms, means fairness."

■ After a careful consideration of all the evidence in the instant case, we believe that the district court's finding that Mr. Hoster's involuntary reduction in income was vitiated by his "untoward expenditures" is unrealistic, and the district court's order denying Mr. Hoster's motion for modification of the divorce decree in question is therefore reversed.

■ We believe, as the result of the approximately forty percent reduction in Mr. Hoster's monthly income, that the divorce decree should be modified by reducing the alimony payment to $25 per month and the child support payment to $125 per month.

Mrs. Hoster contends in this court, for the first time, that since Mr. Hoster was in default on his September alimony payment and child support payment at the time of the hearing on his motion for modification of the divorce decree, he is estopped from asking for or securing a modification of such divorce decree.

An issue or contention not raised or considered in the trial court cannot be considered for the first time on appeal. Moran v. Moran, 200 N.W.2d 263, Syll. ¶ 6 (N. D.1972). Because Mrs. Hoster failed to raise this issue before the trial court, it is not properly before us on this appeal. Johnson v. Johnson, 104 Cal.App. 283, 285 P. 902, 903 (1930).

However, lest it be argued that such issue is properly before us, we believe that Mrs. Hoster's contention is without merit. Mrs. Hoster relies on statements of this court in Bryant v. Bryant, *supra,* and Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689 (1950) as the bases for her contention. In paragraph 7 of the syllabus in *Bryant, supra,* 102 N.W.2d at 802, we held:

> "Where a party in a divorce action fails or refuses to comply with the order

or decree of the trial court regarding support payments for minor children, *without a showing that such failure to comply with the order or decree was justified and was not a deliberate refusal to comply therewith,* such party may not invoke the favor of the court to procure modification of the payments required by such order or decree which he has refused or failed to obey." [Emphasis added.]

In the later case of Kack v. Kack, 169 N.W.2d 111, 114 (N.D.1969), Mr. Justice Strutz interpreted *Bryant* and *Olson* as follows:

"The decisions in *Bryant* and *Olson, supra,* held that a party to a divorce proceeding who has failed to comply with the terms of the decree may not invoke the favor of the court to secure a modification *in the absence of a showing that he is unable to comply with the terms of the decree.*"

■ At the time that Mr. Hoster applied to the district court for a modification of the divorce decree, he had made all of the payments which were required under such decree. Mr. Hoster failed to comply with the divorce decree only after he had made application to the district court to modify such decree because of his inability to make the required payments as a result of the substantial reduction in his monthly income. The evidence clearly shows that Mr. Hoster's failure to comply with the provisions of the divorce decree was not a "deliberate refusal to comply therewith", as was the case in *Bryant,* but that it was, instead, justified because of Mr. Hoster's inability to pay.

Accordingly, we believe that the rule of *Bryant, supra,* does not apply to the instant case and that Mr. Hoster's motion was properly before the district court.

In addition, Mrs. Hoster argues that the change in Mr. Hoster's financial circumstances, caused by the reduction of his income, is temporary and that his monthly income will be increased in the Spring of 1974, at which time Mr. Hoster is scheduled to be discharged from the United States Air Force so that he can secure a better-paying job. Mrs. Hoster also argues that the family debt payments that Mr. Hoster was required to pay, which amounted to $147.10 monthly as of the date of the hearing, will be substantially reduced by the Spring of 1974.

Assuming that Mrs. Hoster's arguments have merit, we nevertheless cannot escape the fact that, at the time of the hearing, Mr. Hoster was financially incapable of complying with the terms of the divorce decree and that, under Mrs. Hoster's contentions, such inability would continue at least until the Spring of 1974.

We believe that the interests of the child of the parties, of Mrs. Hoster, and of Mr. Hoster can best be served by modifying the divorce decree so that Mr. Hoster is only required to make payments which are equitable, based upon his financial circumstances. If, in the future, Mr. Hoster's financial circumstances do substantially change for the better, Mrs. Hoster can then seek appropriate relief in the district court to increase those payments.

Mr. Hoster's second appeal is from the order of the district court requiring him to pay attorney's fees on appeal in the amount of $200.

■ Attorney's fees necessary to prosecute or defend an action for divorce are to be awarded in the discretion of the trial court. § 14–05–23, N.D.C.C. The trial court's decision in regard to such attorney's fees will not be interfered with by this court unless it is affirmatively established that the trial court has abused its discretion. Johnson v. Johnson, 211 N.W. 2d 759, Syll. ¶ 5 (N.D.1973); Halla v. Halla, 200 N.W.2d 271 (N.D.1972); Fischer v. Fischer, 139 N.W.2d 845 (N.D.1966); Bryant v. Bryant, *supra.*

■ Upon a careful consideration of the entire record in the instant case, we con-

clude that Mr. Hoster has failed to affirmatively establish that the attorney's fees were not necessary or that the district court abused its discretion in awarding such attorney's fees.

Accordingly, the order denying Mr. Hoster's motion for modification of the divorce decree is reversed, the divorce decree is modified in accordance with this opinion; and the order awarding attorney's fees on appeal to Mrs. Hoster is affirmed.

ERICKSTAD, C. J., and TEIGEN, VOGEL and KNUDSON, JJ., concur.