**Mary NOVLESKY, Plaintiff and Respondent,**

**v.**

**Aaron NOVLESKY, Defendant and Appellant.**

**Civ. No. 8862.**

Supreme Court of North Dakota.

April 13, 1973.

Farhart, Rasmuson & Olson, Minot, for defendant and appellant.

Ella Van Berkom, Minot, for plaintiff and respondent.

PAULSON, Judge.

The plaintiff, Mary Novlesky [hereinafter referred to as Mary], and the defendant, Aaron Novlesky [hereinafter referred to as Aaron], were married on January 14, 1943, in Washburn, North Dakota. A son, Maynard, born in 1947, is the only issue of this union. Mary had five children by her first husband, who died in 1938. Three of her sons, whose ages were 6, 11, and 14, were making their home with Mary at the time she married Aaron. For a brief period between the time of the death of her first husband and her marriage to Aaron, Mary was married for a second time, which marriage ended in divorce.

On February 24, 1971, Mary commenced an action for divorce against Aaron. After a trial held in March of 1972, the district court found that irreconcilable differences existed between Mary and Aaron and that Mary was entitled to an absolute divorce.

The record reveals that at the time of their marriage Aaron owned three quarters of land encumbered by a mortgage and approximately fifty head of cattle, and he had $3,500 in the bank; and Mary owned two quarters of land encumbered by a smaller mortgage than that of Aaron's and approximately thirty-six head of cattle, and she had $1,200 in the bank. They both had automobiles and some grain and farm machinery. Within a year or two after their marriage all of the mortgages on each of the parties' properties were retired.

In 1946 the parties purchased a $9,000 home on Lake Street in Minot. Several years later they moved the house which had been located on Mary's·farm to a lot on Fourth Street Southwest in Minot and converted it into a duplex for rental purposes, and they also purchased a large lot situated in the Radio City Addition to Minot. All of these properties were owned in joint tenancy by the parties.

The financial statements submitted to the district court judge by the parties disclosed the following:

| | Mary | Aaron |
|---|---|---|
| Social Security per month | $ 75.00 | $ 165.00 |
| Farm income, annual | 2,100.00 | 1,400.00 |
| Rental income, duplex, per month | 75.00 | 75.00 |
| Repayment of $2,500 loan to son, Maynard, per month | 80.00 | ---- |
| Cash in bank | 580.00 | 490.00 |

At the time of the divorce, Mary lived in the home on Lake Street and Aaron lived with his sister in Minot in the winter and on his farm in the summer. Prior to the commencement of this action, Aaron deeded his three quarters of land to his son, Maynard, and reserved a life estate therein; and Mary deeded her two quarters of land to two of her children by her first marriage.

After concluding that Mary should be granted an absolute divorce on the ground of irreconcilable differences, the district court ordered a property division as follows:

1. Radio City lot to Aaron as sole owner

2. Lake Street home and its furnishings to Mary as sole owner

3. Duplex rental property on Fourth Street Southwest: one-half to Mary and one-half to Aaron, as tenants in common, not joint tenants

4. Mary was to have no right, title, or interest in Aaron's farm land; and Aaron was to have no right, title, or interest in Mary's farm land

5. Mary was to have ownership of a dresser, an old sewing machine, a wall shelf for books, and four pillows, all of which were located on the Novlesky farm

Accordingly, judgment was entered on May 4, 1972. Aaron appeals from that part of the judgment relative to the division of property and sets forth three specifications of error.

The first specification of error charges that the district court erred in considering the conduct of the parties during their marriage as a factor in the property division. In support of this contention, Aaron cites two Iowa cases in which it was held that fault should not be a consideration in the granting of dissolution of a marriage, in the distribution of property, or in the allowance of alimony. In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972); In re Marriage of Tjaden, 199 N.W.2d 475 (Iowa 1972). These two cases interpreted the new Iowa legislation which completely revised its divorce statutes. Section 598.17 [Acts 1970 (63 G.A.) Ch. 1266, § 18], Dissolution of marriage—evidence, 39 Iowa Code Anno. (1972 P.P.), provides for a decree of dissolution of marriage when the court is satisfied from the evidence presented that there has been a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved. Such ground is now the sole cause for divorce in Iowa.

From this sweeping revision of the Iowa divorce statutes, the Iowa Supreme Court in *Williams, supra,* determined that fault as a factor was not to be considered by the trial court in distributing property after the dissolution proceedings which terminated a marriage.

There has been no major revision of the North Dakota divorce statutes. The 1971 Legislature did add an eighth ground for divorce, namely, that of irreconcilable differences. § 14–05–03(8), N.D.C.C.

In property divisions, the courts of North Dakota should consider the criteria stated by this court in paragraph 7 of the syllabus in Fischer v. Fischer, 139 N.W.2d 845 (N.D.1966), including *"the conduct of each during the marriage"* [emphasis added].

A perusal of the record reveals that there is sufficient evidence to support the district court's Finding of Fact No. 3 in which it found Mary to be the innocent party and that she was entitled to an absolute divorce; and, in addition, in its Finding of Fact No. 12, the district court set out its additional criteria for the property division between Mary and Aaron. Findings of Fact Nos. 3 and 12 state:

"3.

"That there are incidents of beatings inflicted upon the Plaintiff by the Defendant; that there is little likelihood that the conditions will improve; that the incidents probably arose because of their age, and for this reason, the Court finds that irreconcilable differences exist between the Plaintiff and Defendant and that the legitimate ends of this marriage have been destroyed; that the Plaintiff is entitled to an absolute divorce from the Defendant;

"12.

"In determining the division of property between Plaintiff and Defendant in this divorce case, I have considered their ages, their earning capacity, the condition [conduct] of each, the station in life, the necessities of each, and physical condition of each, their financial condition as shown by the property at the time of the marriage, its value at that time, its income-producing capacity."

We conclude that the conduct of a party may be considered as one of the factors in determining an equitable division of property in a divorce proceeding.

The last two specifications of error charge that the property division ordered

by the district court was unjust in light of the circumstances and necessities of the parties. For convenience these two specifications will be discussed together.

■ The scope of our review in this case is prescribed by Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides in pertinent part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . . Requests for findings are not necessary for purposes of review. *Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . ."* [Emphasis added.]

■ In Ferguson v. Ferguson, 202 N. W.2d 760 (N.D.1972), in paragraph 3 of the syllabus, we held that a finding that a particular division of property between the parties to a divorce action is equitable is appropriately dealt with on appeal as a finding of fact. Consequently, a review of this finding is limited to a determination of whether or not it is "clearly erroneous" within the purview of Rule 52(a), N.D.R. Civ.P. We adhere to that reasoning in the instant case.

■ The power of the district court to divide property between the parties after a divorce is provided by § 14–05–24, N.D.C. C., which states in pertinent part:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper. . . ."

In Fischer v. Fischer, 139 N.W.2d 845, 852 (N.D.1966), this court cited with approval the case of Ruff v. Ruff, 78 N.D. 775, 52 N.W.2d 107, 111 (1952). In *Fischer, supra,* 139 N.W.2d at pages 846–847,

the court stated in paragraphs 5 and 6 of the syllabus:

"5. In a divorce proceeding the division of property to be made by the court depends upon the facts and circumstances of each particular case.

"6. In a divorce proceeding there is no rigid rule for the division of property, but the ultimate object to be sought is an equitable distribution."

Also, in the *Fischer* case, supra, in paragraph 7 of the syllabus, the court evolved the criteria to be followed in dividing property after a divorce, as follows:

"7. In determining a division of property between the parties in a divorce action, the court, in exercising its sound discretion, will consider the respective ages of the parties; their earning ability; the duration of the marriage; the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and such other matters as may be material."

■ The property division in the instant case adheres to the *Fischer* guidelines. Mary had continuously resided in the Lake Street home and had used her separate income in furnishing it. Section 14–05–25, N.D.C.C., provides that the district court:

". . . in rendering the decree of divorce, may assign the homestead or such part thereof as to the court may seem just, to the innocent party, either absolutely or for a limited period, according to the facts in the case . . . ."

Section 14–05–25 further buttresses the court's action in awarding the homestead to Mary as the innocent party in the case at bar, as determined by Finding of Fact No. 3.

■ The district court's action in awarding the duplex to Mary and Aaron as tenants in common and not as joint tenants and in awarding the Radio City lot to Aaron as the sole owner is amply supported by the record and evidences the equitable distribution of the real property between the parties.

A further review of the record concerning the distribution of the personal property between the parties reveals that such distribution was justified by the evidence.

Having determined that the finding that the division of the property was equitable was not "clearly erroneous" under Rule 52(a), N.D.R.Civ.P., the judgment is in all things affirmed.

STRUTZ, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

TEIGEN, Judge (concurring specially).

I concur in the syllabus and in the result of the majority opinion. However I am troubled by what appears to be an inconsistent position taken by the trial court and approved by the majority in their opinion.

This action was commenced by the plaintiff, alleging extreme cruelty by the defendant as a cause for seeking a decree of divorce. The trial court, in its Finding No. 3, found:

"That there are incidents of beatings inflicted upon the plaintiff by the defendant; * * *"

This part of the finding, it appears, is a finding of "extreme cruelty" and is a cause for which a divorce may be granted under Section 14–05–03, N.D.C.C. It is defined as "the infliction by one party to the marriage of grievous bodily injury * * * upon the other." Section 14–05–05, N.D. C.C.

However the court, in its Finding No. 3, then goes on to say "that there is little likelihood that conditions will improve; that the incidents probably arose because of their age, and for this reason, the court finds that irreconcilable differences exist between the plaintiff and defendant and that the legitimate ends of this marriage have been destroyed; that the plaintiff is entitled to an absolute divorce from the defendant."

"Irreconcilable differences" was made an additional ground for divorce in 1971 (Chapter 149, S.L.1971). The new statute defines irreconcilable differences as follows:

"Irreconcilable differences are those grounds which are determined by the court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved." Section 14–05–09.1, N.D.C.C.

The 1971 amendment to the divorce statute has created a no-fault cause for divorce. It essentially relates to an incompatible relationship between spouses for which neither party may be at fault. Thus where a divorce is sought on the ground of irreconcilable differences, the fault standard required to be established under the remaining seven grounds for divorce is not a factor.

Irreconcilable differences, the eighth cause set forth in Section 14–05–03, N.D. C.C., as amended, which lists the causes for which a divorce may be granted, is, in my opinion, comparable to the sole cause for divorce enacted by the state of Iowa, which is quoted in the Iowa Supreme Court decision in In re Marriage of Williams, 199 N.W.2d 339, 342 (Ia.1972), as Section 598.17 of The Code of 1971, as follows:

"Dissolution of marriage—evidence. A decree dissolving the marriage may be entered when the court is satisfied from the evidence presented that there has been a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable

likelihood that the marriage can be preserved."

Under this statute, which also repealed all other causes for divorce, the Iowa court held that the fault concept, as a standard for granting a divorce and as a factor in awarding a property settlement or alimony, was eliminated. This state did not eliminate the other causes for divorce as did Iowa and it is my opinion that, under our law as amended, we have both the fault concept and the no-fault concept available as grounds for divorce. However, as I view the findings of the trial court in this case, it has found, based on the evidence adduced, that the fault standard of extreme cruelty as alleged in the complaint was proven. On this basis I agree with the majority that in determining a division of the property it was proper to review this case in light of the fault of the defendant and that the evidence is sufficient to support the property division made by the court based, in part, on the conduct of the parties during their marriage.