**Sylvia G. JOHNSON, Plaintiff-Appellee,**

**v.**

**Delbert M. JOHNSON, Defendant-Appellant.**

**Civ. No. 8901.**

Supreme Court of North Dakota.

Oct. 24, 1973.

Ella Van Berkom, Minot, for defendant-appellant.

Bosard, McCutcheon, Kerian, Schmidt & Holum, Minot, for plaintiff-appellee.

TEIGEN, Judge.

The issue for consideration on this appeal from a judgment of divorce and post-judgment order for attorney's fees on appeal is whether the trial court erred in making the division of property and in awarding alimony and attorney's fees.

The parties were married in 1953. The plaintiff, Sylvia G. Johnson (hereinafter Sylvia), had three minor children from a prior marriage whom she brought with her into the home of these parties at the time of the marriage. The defendant, Delbert M. Johnson (hereinafter Delbert), had not been previously married. No issue was born of this marriage. By their pleadings both parties sought a divorce. The trial court granted a divorce to Sylvia on the ground of extreme cruelty. Delbert does not seek to have this part of the judgment reviewed on this appeal.

At the time of the divorce Sylvia's minor children were grown and had left the home. Delbert had never adopted these children but had contributed to their support for a number of years, although Sylvia did receive Social Security payments to assist in their support.

Neither of the parties brought any property into the marriage. At the time of the divorce they owned the following property: the home in which they lived, which contained a basement apartment, held in joint tenancy and valued at $25,000, against which there is an outstanding mortgage in the amount of $14,752, payable in monthly installments of $155; household goods and furnishings used in the home, valued at about $600; furnishings in the basement rental apartment, valued at about $500; a 1966 Dodge automobile, valued at $750 but subject to a chattel mortgage to GAC Finance; an old Rambler automobile of no value; miscellaneous tools of nominal value; small amount of cash in bank deposit, probably not exceeding $115; and their personal belongings.

The indebtedness of the parties, exclusive of the home mortgage, may be classified as follows: several small sundry debts owed by Sylvia, totaling $234; several debts owed by Delbert, including the chattel mortgage on the Dodge, totaling $1,963.50. In addition, Delbert is indebted to Sylvia in the amount of $150 for attorney's fees awarded by the court for the trial of the action, and $450 for attorney's fees awarded for this appeal.

Delbert is employed as a school janitor, earning a total monthly income, including travel allowance, of $617.50. His net income, after deductions, is $465.94. Sylvia, although she had worked during a good portion of their married life, is now unemployed, on orders from her doctor, and her income consists of Social Security disabili-

ty payments in the amount of $147 per month and the rental income from the basement apartment in the amount of $125 per month, less utilities furnished, leaving a net income from the apartment of $110 per month. Thus she has a net income of $257 per month.

The trial court directed that Delbert should pay Sylvia $70 per month alimony. Pursuant to the judgment Sylvia will be entitled to the use, occupancy and rents of the home. The legal title was directed to be placed in tenancy in common, subject to a life estate in Sylvia. The court also directed that each of the parties pay one-half of each monthly mortgage payment, including taxes and insurance, in the amount of $155 per month; that Sylvia be entitled to a deposit with the power company in the amount of $50, all household furnishings and personal property presently located in the home, and her own clothing and personal effects.

Delbert was awarded the 1966 Dodge automobile, the Rambler automobile, his own clothing and personal effects, and tools.

The trial court also directed that each would be obligated for his own personal debts.

Sylvia is 46 years of age, is suffering from diabetes, problems with her colon, and ulcers, and is presently under the orders of a doctor not to work. Delbert has a history of various medical disorders, including a hernia and emphysema, but is able to work.

Under the circumstances Sylvia will occupy the home during her lifetime, pay the utilities and upkeep thereof, and one-half of the mortgage payments, insurance and taxes. Delbert must find other quarters in which to live, bear the expense thereof, and pay one-half of the mortgage payments, taxes and insurance on the home occupied by Sylvia, but in which he owns an undivided one-half interest as a tenant in common. In addition, he must pay $70 per month alimony to Sylvia, plus $600 in attorney's fees as a result of this action and the appeal. In addition, each of the parties is responsible for his respective current outstanding indebtedness.

■ The power of the court to decree a property settlement is derived from statute. Halla v. Halla, 200 N.W.2d 271 (N.D. 1972). Section 14–05–24, N.D.C.C., provides as follows:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects."

■ Under this statute we have held that the court, in the exercise of its judicial discretion, shall make equitable distribution of the property. Fleck v. Fleck, 79 N.D. 561, 58 N.W.2d 765 (1953). In determining what an equitable distribution is, facts and circumstances which are relevant and material upon the issues of equitable distribution should be considered. We have held that these include the respective ages of the parties, their earning abilities, the conduct of the parties during the marriage, the duration of the marriage, the station in life of the parties, their education, health and physical condition, and the value and income-producing capacity of the property and whether it was acquired before or during marriage, and such other matters as may be material. Novlesky v. Novlesky, 206 N.W.2d 865 (N.D.1973); Ruff v. Ruff, 78 N.D. 775, 52 N.W.2d 107 (1952). Thus there is no fixed rule to govern the matter of the division of property or the award of alimony and what is an equitable distribution would depend

upon the facts and circumstances of each case. Halla v. Halla, *supra*; Rohde v. Rohde, 154 N.W.2d 385 (N.D.1967); Nicholson v. Nicholson, 126 N.W.2d 904 (N.D.1964); Dahl v. Dahl, 97 N.W.2d 844 (N.D.1959). Our scope of review of the facts found is limited by the "clearly erroneous" rule. Rule 52(a), N.D.R.Civ.P.; Ferguson v. Ferguson, 202 N.W.2d 760 (N.D.1972); Novlesky v. Novlesky, *supra*. On the basis of the rule, the statute and the holdings, matters pertaining to the equitable distribution of property and alimony awards are within the sound discretion of the trial court, and the findings of the trial court will not be disturbed on appeal if not clearly erroneous, and its award will not be disturbed in the absence of an abuse of discretion.

■ In considering the entire record we cannot say that the findings of fact are clearly erroneous or that the trial court abused its discretion in the division of the property or in the award of alimony. Delbert is employable and has an income; Sylvia's income will consist of Social Security payments, rent moneys, and alimony for a total of $342 per month, and Delbert's take-home pay, as of this time, amounts to $465.94 per month, after deductions for income tax, Social Security, and costs of travel. This amount, less alimony payments of $70 per month, leaves a balance of $395.94 per month. Under the circumstances it would appear that the trial court has done justice as best it could under difficult and trying circumstances.

■ On this appeal Delbert also complains that the trial court abused its discretion in allowing attorney's fees for trial in the amount of $150, and on appeal in the amount of $450, for a total of $600. Our statute provides that when an action for divorce is pending the trial court, in its discretion, may require either party to pay any amount necessary to prosecute or defend the action. Section 14-05-23, N.D.C.C. Allowance of suit money is in the discretion of the trial court and the trial

court's decision in that regard will not be interfered with unless it is shown that the court has abused its discretion. Halla v. Halla, *supra*; Fischer v. Fischer, 139 N.W.2d 845 (N.D.1966); Bryant v. Bryant, 102 N.W.2d 800 (N.D.1960).

■ In *Bryant,* at page 810, we said:

"A reviewing court is very reluctant to disturb the award of a lower court or to interfere in any way with the sound exercise of discretion by such court in determining the proper amount of alimony for support or for expenses to be paid by one of the parties to such divorce suit. Any successful attack upon such order must be based upon an abuse of discretion, which abuse is never assumed but must be affirmatively established."

■ While we recognize the hardships placed upon Delbert to pay these attorney's fees, we also recognize the financial problems confronting Sylvia. However, the trial court is much more familiar with the circumstances, and particularly the physical condition of the respective parties and their abilities to perform, than we are. Furthermore, the trial court will continue to have jurisdiction for the purpose of making such modification in the payment of alimony, from time to time, as may be meet in the premises and, should inequities appear as a result of a change in conditions, it is empowered to make the necessary adjustments. Delbert has failed to prove that suit money was not necessary and we find, on the basis of the record before us, that we cannot say that the trial court abused its discretion.

For the reasons aforesaid, we affirm the judgment and order appealed from.

KNUDSON and VOGEL, JJ., concur.

VOGEL, J., not being a member of the Court at the time of submission of this case participated on the briefs filed.

PAULSON, Judge (concurring specially).

I concur in the result.

In Ferguson v. Ferguson, 202 N.W.2d 760 (N.D.1972), a divorce case which involved custody as well as a division of property, in paragraph 3 of the syllabus, we held:

"Findings that a party to a divorce action has committed adultery, that the best interests of the children of the parties to a divorce action would be served by awarding custody of the children to one party as opposed to the other, and that a particular division of property between the parties to a divorce action is equitable, are appropriately dealt with on appeal as findings of fact. Consequently, a review of these findings is limited to a determination of whether or not they are 'clearly erroneous' within the purview of Rule 52(a), N.D.R.Civ.P."

Subsequently, in Novlesky v. Novlesky, 206 N.W.2d 865 (N.D.1973), another divorce case but one which involved only a division of property, in paragraph 4 of the syllabus, this court held:

"A finding that a particular division of property between the parties to a divorce action is equitable is appropriately dealt with on appeal as a finding of fact. Consequently, a review of this finding is limited to a determination of whether or not it is 'clearly erroneous' within the purview of Rule 52(a), N.D.R.Civ.P."

In *Novlesky*, that portion of paragraph 3 of the syllabus in *Ferguson, supra,* was quoted with approval by this court.

It is my belief that the inclusion of the abuse-of-discretion test in the review of property settlements in divorce actions will be productive of nothing but the utmost in confusion for the members of the bar as well as the judiciary.

Since August 1, 1971, we have been applying the "clearly erroneous" test of Rule 52(a), N.D.R.Civ.P., to findings of a trial court. In the *Ferguson* and *Novlesky* cases, the matters of child custody and property division were treated as findings of the trial court. I believe that it is a retrogressive step on the part of this court to now add in this case the test of abuse of discretion to the review of property divisions in divorce actions.

ERICKSTAD, C. J., concurs.